IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY MILLS                     PLAINTIFF

  v.         CIVIL NO. 05-5159

JO ANNE B. BARNHART, Commissioner
Social Security Administration              DEFENDANT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Larry Mills brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). (Doc. # 1). The defendant filed an answer to plaintiff's action on December 5, 2005, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. # 5).

On March 3, 2006, the Commissioner, having changed positions, filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. # 7). The defendant states that upon remand, the ALJ will be instructed to hold a new hearing and to receive evidence from a vocational expert on the issue of whether other jobs exist in the national economy which plaintiff could perform. The ALJ will be instructed to resolve any discrepancies between vocational expert evidence and the Dictionary of Occupational Titles. The ALJ will also be instructed to evaluate plaintiff's mental impairment in accord with 20 C.F.R. §§ 404.1520a, 416.920a, and to express plaintiff's residual functional capacity absent substance abuse in accordance with the

new drug and alcohol abuse provisions of the Act. The ALJ will be directed to cite pertinent portions of the record in support of his findings.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

In the present case, we find remand to allow the ALJ to further evaluate the record as indicated above, appropriate.

Based on the foregoing, we recommend granting the Commissioner's motion to reverse the decision of the ALJ and remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)